IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16CV547-GCM

| | |
|---|---|
| ATLANTIC PINSTRIPING, LLC and MICHAEL MONTEMURRO, Plaintiffs, Vs. ATLANTIC PINSTRIPING TRIAD, LLC, ATLANTIC DEALER SERVICES COASTAL, LLC, TONY HORNE, WILLIAM HORNE, and JERRY W. PARKER, Defendants. | ORDER |

This matter is before the Court upon the Defendants' Motion to Dismiss, or Alternatively, to Stay, filed August 25, 2016. The Court has read the briefs filed by the parties and finds that Defendants' motion is without merit and must be denied.

Defendants' motion was filed in response to Plaintiffs' Motion for Preliminary Injunction. This case arises out of terminated Franchise Agreements between Plaintiffs and Defendant franchisees.

Defendants first argue that Plaintiffs have no valid federal causes of action upon which to predicate subject matter jurisdiction. Instead, Defendants claim, Plaintiffs' Complaint sounds in contract. Plaintiffs' Complaint alleges that Plaintiffs granted Defendants a license to use their trademarks and patents, terminated those licenses, and that Defendants have continued to infringe Plaintiffs' intellectual property after termination. Moreover, Plaintiffs have filed a First

1

Amended Complaint alleging unauthorized copying of Plaintiff Montemurro's patented invention.

This Court, as well as other courts in this circuit, have routinely exercised federal jurisdiction and have issued injunctions in favor of franchisors who allege that terminated franchisees have infringed intellectual property rights. *See*, *e.g.*, *Meineke Car Care Centers, Inc. v. Glover*, No. 3:10-CV-667-FDW-DCK, 2011 WL 240462, at *1 (W.D.N.C. Jan. 21, 2011) (granting a preliminary injunction to a franchisor after finding that federal question jurisdiction existed), *aff'd*, 446 F. App'x 613 (4th Cir. 2011); *Meineke Car Care Centers, Inc. v. Bica*, 2011 WL 4829420 (W.D.N.C. Oct. 12, 2011) (granting franchisor's motion to enjoin terminated franchisee's continued use of franchisor's mark and continued breach of covenant not to compete); *Allegra Network LLC v. Reeder*, No. CIV. A. 1:09-CV-912, 2009 WL 3734288, at *2 (E.D. Va. Nov. 4, 2009) (granting a preliminary injunction to a franchisor after finding that federal question jurisdiction existed). Accordingly, this Court finds that it has federal subject matter jurisdiction in this case.

Defendants next assert that the trademark and patent issues are moot because Defendants have voluntarily ceased all use of Plaintiff's pinstripe applicators and trademarks. "'[I]t is well established that the voluntary discontinuance of challenged activities by a defendant does not necessarily moot a lawsuit.'" *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 800 (4th Cir. 2001) (quoting *United States v. Jones*, 136 F.3d 342, 348 (4th Cir. 1998). Rather, "[D]efendants 'face a heavy burden to establish mootness . . . because otherwise they would simply be free to "return to [their] old ways" after the threat of a lawsuit has passed.'" *Id*. (citing *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 71–72 (1983) (per curiam)).

Defendants' statements that they have ceased their infringing conduct are insufficient to meet Defendants' "heavy burden" that there is no reasonable expectation that Defendants' wrongful conduct will continue. This is especially true given that Plaintiffs have submitted evidence to the contrary.

Defendants also move to dismiss or stay this case pending arbitration. The Franchise Agreements at § 17.02 contain an agreement to arbitrate any dispute or controversy arising out of or related to the agreements. However, § 17.03 provides:

> Notwithstanding Sections 17.01 or 17.02, each party will have the right to seek provisional remedies from an appropriate court, including declaratory relief, specific enforcement, temporary restraining orders or preliminary injunctions, before, during or after informal dispute resolution or arbitration. Neither party is required to await the outcome of any informal dispute resolution or arbitration before seeking provisional remedies.

Accordingly, Plaintiffs have a right under the agreements to pursue their motion for preliminary injunction in this Court.

On May 13, 2016, Defendant Tony Horne filed third-party claims against Plaintiffs alleging breach of contract in a South Carolina state court lawsuit. Defendants contend that pursuant to the first-filed rule, this case should be dismissed in favor of the South Carolina lawsuit. Defendants mistakenly conflate the first-filed rule, which applies where "**two federal courts** have coordinate jurisdiction over actions involving the same issue(s)," *Jefferson Pilot Life Ins. Co. v. Griffin*, No. 1:07-CV-96, 2008 WL 2485598, *3 (M.D.N.C. June 16, 2008) (emphasis added), with the *Colorado River* abstention doctrine, which applies "where a federal case duplicates contemporaneous **state proceedings**," *Vulcan Chem. Techs., Inc. v. Barker*, 297 F.3d 332, 341 (4th Cir. 2002). It appears to the Court that the first-filed rule is simply inapplicable, as the other lawsuit is in state court.

3

Moreover, the Court declines to abstain under *Colorado River*. To abstain under *Colorado River*, two conditions must be satisfied: (1) the state and federal proceedings must be parallel; and (2) "exceptional circumstances" warranting abstention must exist. *National Textiles, LLC. v. Daugherty*, 250 F. Supp. 2d 575, 577 (M.D.N.C. 2003). Here, neither condition is present.

"Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *New Beckley Min. Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991). Some factual overlap does not mean the suits are parallel. *Id*. at 1074. Moreover, a difference in legal remedies counsels against abstention. *Id.*

Here, the South Carolina action and this action do not involve "substantially the same parties." In South Carolina, only Tony Horne and APT have sued Atlantic and Montemurro. (Doc. 20-1). By contrast, this action involves additional parties such as William E. Horne, Jerry Parker, and ADSC. Furthermore, the South Carolina action and this action do not involve "substantially the issues." The South Carolina action alleges breach of one contract—the Charleston Franchise Agreement. This action, meanwhile, alleges breaches of seven additional contracts (claims 2–8), trademark infringement and false advertising (claims 9–10), misappropriation of trade secrets (claim 11), patent infringement (claims 12–13), and unfair trade practices (claim 14). In this action, Atlantic and Montemurro are seeking an equitable remedy—injunctive relief—that is not currently a part of the South Carolina action. Thus, there is no "parallel" action for which this court should abstain. Nor have any "exceptional circumstances" been shown by Defendants that would warrant abstention.

In addition, the Franchise Agreements contain a forum selection clause in § 17.05 that unambiguously requires this action to be litigated in Charlotte, North Carolina:

> [T]he parties consent to the exclusive jurisdiction of the United States
> District Court for the Western District of North Carolina or the state
> district court for Mecklenburg County, North Carolina . . . .

The forum selection clause is a significant factor weighing against abstention. *See National Textiles*, 250 F.Supp.2d at 579 (court declined to abstain because in part, the "parties elected to have their disputes resolved in this forum").

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss, or Alternatively, to Stay is hereby DENIED;

IT IS FURTHER ORDERED that the Court will resume the hearing on Plaintiffs' Motion for Preliminary Injunction on September 20, 2016 at 10:30 a.m.

Signed: September 12, 2016

Graham C. Mullen
United States District Judge

5