IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORH CAROLINA
CHARLOTTE DIVISION
3:16CV547

| | |
|---|---|
| Atlantic Pinstriping, LLC, and <br> Michael Montemurro, <br> <br> Plaintiffs, <br> <br> v. <br> <br> Atlantic Pinstriping Triad, LLC, <br> Atlantic Dealer Services Coastal, LLC, <br> Tony Horne, <br> William E. Horne, and <br> Jerry W. Parker, <br> <br> Defendants. | **ORDER** |

This matter is before the Court upon the Plaintiff's Motion to Seal the final arbitration award attached as Exhibit 1 to the Fifth Declaration of Matthew S. DeAntonio. The Motion is unopposed.

When a party makes a request to seal judicial records, the Court must (1) give the public notice and a reasonable opportunity to challenge the request to seal; (2) "consider less drastic alternatives to sealing;" and (3) if it decides to seal, make specific findings and state the reasons for its decision to seal rather than choosing other alternatives. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004). In accordance with the law of this Circuit as well as the Local Rules, the Court has considered the Motion to Seal, the public's interest in access to such materials, and alternatives to sealing. The public has been provided with adequate notice and an opportunity to object to the Plaintiff's motion. Plaintiff filed its motion on April

30, 2018 and it has been accessible to the public through the Court's electronic case filing system since that time. The Court determines that no less restrictive means other than sealing is sufficient because a public filing of such materials would violate the parties' contractual obligations under the arbitration agreement, which states, "The entire Arbitration proceedings are confidential." (Doc. 24-7, at § 17.02(j)). *See UBS Fin. Servs., Inc. v. Padussis*, 127 F. Supp. 3d 483, 501 (D. Md. 2015), *aff'd*, 842 F.3d 336 (4th Cir. 2016) (sealing documents where "the parties executed stipulations protecting the confidentiality of documents disclosed during arbitration"). The Court concludes that the sealing of these documents is narrowly tailored to serve the interest of protecting the confidentiality of the arbitration award. Plaintiff does not seek to seal all of the information in the Arbitration Award. Rather, in its Motion to Confirm the Arbitration Award and in the supporting brief, Atlantic has disclosed a portion of the Arbitration Award that sets forth the relief—both monetary and injunctive— awarded by the arbitrator. This is permitted by the arbitration agreement, which allows disclosure of material "necessary to enforce the decision of the arbitrator hereunder." However, sealing is necessary to protect the remaining information, which need not be publicly disclosed to enforce the arbitrator's decision. *See Bayer Cropscience Inc. v. Syngenta Crop Prot., LLC*, 979 F. Supp. 2d 653, 657 (M.D.N.C. 2013) (sealing documents where redacted versions were publicly filed, but refusing to seal other documents where redacted versions had not been filed); *Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc.*, 2008 WL 451568, at *1 (M.D.N.C. Jan. 16, 2008) (stating less drastic alternatives to sealing include "redacting sensitive information or only sealing certain documents").

IT IS THEREFORE ORDERED that the Motion to Seal is hereby GRANTED, and the following documents shall be filed under seal: Exhibit 1 to the Fifth Declaration of Matthew S. DeAntonio.

Signed: May 4, 2018

Graham C. Mullen
United States District Judge