# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| Atlantic Pinstriping, LLC, and Michael Montemurro, | Case No. 3:16-CV-547-GCM |
| Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFFS' MOTION TO SEAL** |
| Atlantic Pinstriping Triad, LLC, Atlantic Dealer Services Coastal, LLC, Tony Horne, William E. Horne, and Jerry W. Parker, | |
| Defendants. | |

This matter is before the Court upon the Plaintiffs' Motion to Seal certain portions of their Response to Defendants Declarations Regarding Their Ability to Pay (the "Response") and Exhibits 6 and 7 to the Response. The Motion is unopposed.

When a party makes a request to seal judicial records, the Court must (1) give the public notice and a reasonable opportunity to challenge the request to seal; (2) "consider less drastic alternatives to sealing;" and (3) if it decides to seal, make specific findings and state the reasons for its decision to seal rather than choosing other alternatives. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004). In accordance with the law of this Circuit as well as the Local Rules, the Court has considered the Motion to Seal, the public's interest in access to such materials, and alternatives to sealing. The public has been provided with adequate notice and an opportunity to object to Plaintiffs' motion. Plaintiffs filed their motion on August 6, 2018, and it has been accessible to the public through the Court's electronic case filing system since that

time. The Court determines that no less restrictive means than sealing is sufficient because a public filing of such materials would violate the parties' contractual obligations under the arbitration agreement, which states, "The entire Arbitration proceedings are confidential." (Doc. 24-7, at § 17.02(j)). *See UBS Fin. Servs., Inc. v. Padussis*, 127 F. Supp. 3d 483, 501 (D. Md. 2015), *aff'd*, 842 F.3d 336 (4th Cir. 2016) (sealing documents where "the parties executed stipulations protecting the confidentiality of documents disclosed during arbitration"). A public filing would also reveal information regarding Defendants' finances, which this Court has already determined should be sealed. (Doc. 111). The Court concludes that the sealing of these documents is narrowly tailored to serve the interest of protecting the confidentiality of the arbitration award and Defendants' personal financial information. Plaintiffs do not seek to seal all of the information in the Response. Rather, they have filed a public version of the Response that includes all the information that is not required to be kept confidential pursuant to the arbitration agreement and the Court's July 26, 2018 Order. Sealing is necessary to protect the remaining information. *See Bayer Cropscience Inc. v. Syngenta Crop Prot., LLC*, 979 F. Supp. 2d 653, 657 (M.D.N.C. 2013) (sealing documents where redacted versions were publicly filed, but refusing to seal other documents where redacted versions had not been filed); *Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc.*, 2008 WL 451568, at *1 (M.D.N.C. Jan. 16, 2008) (stating less drastic alternatives to sealing include "redacting sensitive information or only sealing certain documents").

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Seal is hereby GRANTED, and the following documents shall be filed under seal:

1. The unredacted version of the Response; and

2. Exhibits 6 and 7 to the Response.

SO ORDERED.

Signed: August 8, 2018

Graham C. Mullen
United States District Judge